Good morning. Kara Hartzler on behalf of Mr. Vega-Ortiz. In our briefing we raised two arguments, that the California list of drugs is indivisible, and also that the California definition of methamphetamine is overbroad and indivisible. We recognize that the court may believe it's bound by Coronado and Padilla-Martinez as to our first argument, so today I'd like to focus on the second argument unless the court has any questions about the first. What's the second argument? The second argument is that the California definition of methamphetamine is broader than the federal definition. So there's two questions that are encompassed within this. First of all, is the California definition of meth broader than the federal definition? And the second question is, do we need to show a realistic probability, or does the court's en banc decision in Griselle excuse us from that requirement? And the answer to the first question is yes, it's overbroad. The answer to the second is no, we don't have to show a realistic probability under Griselle. So as to the first question, is California meth broader than federal meth? The answer is yes, because... Are you electing to concede that you cannot show a reasonable probability of prosecution? We have not pointed to a specific case. What I was wondering was if some California drugstore got a bunch of these inhalers that are legally for sale in Nevada and just drove home from their little Las Vegas vacation with a couple of boxes of them in the trunk and sold them in their California drugstore, whether a prosecutor might prosecute them for selling those inhalers. And it sounds like you're conceding that away, that that wouldn't be prosecuted. Here's what I can tell you, Your Honor. We were not able to find a case under California law. I can also tell you, Your Honor, that I went to a lot of drugstores, and this is not in the record, but I went to a lot of drugstores in California. I never found it. I also went online, and I did find it. So in other words, what that says to me is if it is available out there, it's just not sold in California. And so that makes sense that it wouldn't be sold in California if it's against the law. So that's what we have, Your Honor. I'll be totally honest with you. And the way that methamphetamine is prosecuted in California criminal courts, there's no distinction between L and D meth, right? The jury is just told that if you possess with intent to distribute methamphetamine, then you're guilty of whatever that statutory provision is that applies, right? That's exactly right, Your Honor. That definition is pretty broad. It talks about the isomers, the salts. Exactly. So it's pretty broad. Exactly. That's why I was curious about your argument that the California statute is broader than the government because they seemed like they were parallel to me. And we totally admit, and we agree with Your Honor, that on their face, the federal and the California statutes say the same thing. They both say isomers. But that's not conclusive. And that's what we see from the Supreme Court's decision in Moncrief. There, on their face, both statutes said the exact same thing. But the Supreme Court said that because there was this exception in the federal law that did not exist under state law, then that makes the statute overbroad because the California law, or I'm sorry, in this case the state law, reaches conduct as a matter of course that the federal law doesn't. And so we're looking at the exact same kind of exception as existed in Moncrief. That exception also was the same situation in Regassa that this court decided. There, actually, both the federal and the state statutes said the exact same thing on their face. But because there had been an expiration of certain substances, benzophentyl and phenophentyl, and that had existed as a result of the fact that benzophentyl didn't renew those substances on the federal statute. So let's assume that you're right, that the presence of an exception within federal law that doesn't exist in California state law renders the definition of the state definition of methamphetamine more broad than the federal equivalent. Why doesn't Burgess-Ortega apply in your case? Because Burgess-Ortega actually dealt with a situation where the court was looking at particular acts. In other words, in Burrhart-Ortega, there was a delivery, and the question was, is administering, which is a particular act, is the administering exception, does that make it overbroad? And the court said, no, it doesn't. But what's much closer to our case is Regassa, because this court has never held that when you're looking at overbreadth for purposes of California's substance, not the act, but the substance involved, then you don't have to show a realistic probability. So we would contend, Your Honor, that Regassa is actually much closer to the scenario here than Burrhart-Ortega. If the court has no other questions right now, I believe I'll save the remainder of my time. All right, thank you. Good morning. Good morning. May it please the Court, my name is Ann Perry. I'm representing the Southern District of California. It is our position, Your Honors, that Burgess-Ortega does control in this case, particularly because of how it addresses the issue of overbreadth. Burgess-Ortega specifically addressed the Grissel case, finding it distinguishable where, and this is what is important, I think, in our case, the statute does not expressly include conduct not covered by the generic offense, but rather is silent to the existence of a parallel administering exception. And that's what we have here. Many of the cases that were cited by the appellant in this particular case are cases such as Grissel, and I believe it was Chavez-Solis where the California state statute includes more acts and more elements, if you will, than the federal statute. That was Grissel, Chavez-Solis. Let me back up, counsel. So the government concedes that because federal law contains an exception that state law doesn't apply, then the definition is broader than the federal generic equivalent. Is that right? Or is there no concession on that point? There is no concession on that point only because the statute, I'm sorry, the cases that have been dealt with on this particular issue within themselves have additional elements, such as Grissel, which talked about burglary of a abode, a house, a booth, all of these different types of things, whereas in this case the statute is silent. And Burgess-Ortega specifically says where a statute is silent, where the statute does not expressly include conduct not covered by the generic offense, but rather is silent, then it doesn't apply. So under these circumstances, the fact that LMATH and DMATH, that there is an exception for one asthmatic inhaler in the federal law, which would then take us to the question also raised, is there a realistic possibility, this was raised by Judge Kleinfeld, a realistic possibility of prosecution, and it would be our position that no. I was thinking there was. I was thinking you might not catch kids who were using inhalers, but if you got word that some pharmacist in South Central was selling these prohibited inhalers, it was likely that the pharmacist would be prosecuted, kind of an attractive defendant of business. You can get a whole lot more press out of that. I'm not saying that it's not the most remote possibility, particularly given that apparently it's available on the Internet, Your Honor. However, the reality is that what was presented at the time before the district court to date has shown no prosecutions under this statute. As I understand it, the way people look for prosecutions is by looking for appellate cases, which strikes me as a bad way to look because almost everything pleads out and hardly anything gets to the appellate courts, and we get such a limited picture. Well, let me put it to you this way. There are other ways of looking for cases besides Westlaw. I know this sounds really weird, but I've actually looked up cases on Google and some of the other basic search engines, and you can find a lot of other types of cases that aren't necessarily on the appellate level. They could be on the district court level or on the state court level. I've never seen any prosecutions for this either. So it would be the position of the United States, Your Honor, that the distinction between LMETH and DMETH for purposes of this particular statute does not render it overbroad, that the district court did not err in finding that, first of all, that Coronado v. Holder did apply, and secondly, that there was no reasonable probability of prosecution. How do you square Moncrief with the government's position that the exception in the federal law doesn't render the state definition overbroad? A couple of reasons, Your Honor. Moncrief is somewhat different from this case because it talked about a situation regarding marijuana, and it said specifically that the fact of conviction of the Georgia statute standing alone did not reveal whether either remuneration or small amount was involved, so conviction could have been obtained as a controlled substance felony or misdemeanor. Moncrief is different from this case because Moncrief did recognize the issue of the realistic possibility. That was a case where there was a realistic possibility that somebody would be prosecuted and that this overbreadth would be recognized, whereas here, because of Duenas Alvarez and also Burgos Ortega, there is not that realistic possibility. It hasn't existed. It doesn't happen. The defendant, or I'm sorry, the appellant in this case cannot point to either his case or any other case where this would occur. That's what makes it different from Moncrief. But isn't it analytically distinct, the question as to the overbreadth and then the question as to whether there's a realistic probability of prosecution, or does the government view it as one seamless analysis? You put it into one box? I put it into one box because I think both things have to happen based on this court's determination, Burgos Ortega. If the court has no further questions? It appears not. Thank you. Photo? The government's contending that the statute's silent and therefore that it's most similar to Burgos Ortega, but actually we would dispute that because we believe the statute's not in fact silent because it uses the term isomers, plural. And there are two isomers. There's l-meth and there's d-meth. So this is a little bit different than Burgos Ortega because there it was just the term administering. And so it was silent, but here we have a plural. You have two possibilities. Now, because of that, I believe that the government's reading Grissel too narrowly. And, for instance, in our 28J that we submitted on Chavez-Solis, I think that provides another good example of why the statute here doesn't require us, as in Chavez-Solis, to show that there's a realistic probability. And there you had a situation where there was a statute that referenced, for instance, that referenced conduct that was not evident from the statute's text. In other words, it didn't specifically identify, for instance, burglary or another list of things. It didn't specifically identify various ways that you could identify. It just said, oh, and then there's other conduct that could be involved. So because of that, the court said, look, you don't have to show a realistic probability under Grissel. And we have a very similar situation here. If you had, for instance, a statute that referred to vehicles, the example we used in our reply brief, the court would not say, well, under Grissel, does vehicles include Ford and Honda? Vehicles is overbroad. And we know that it includes various vehicles, and we know that Fords and Hondas are vehicles. So in the exact same situation here, we have a statute that says isomers. That includes LMF and DMF. LMF, in this form, is not a legal undercover. The exclusion isn't specifically in the statute. That's correct. But the exclusion, in terms of all of its forms, wasn't also on the face of the statute in Chavez-Solis. And that's why we believe it's relevant. If there are no other comments or questions, I will submit. All right, thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Kleinfeld, Rawlinson, Nguyen